CARTHAGE SPOKE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34358. Promulgated January 13, 1931.

*F. E. Harris, Esq.,* and *J. H. Campbell, Esq.,* for the petitioner.
*Brooks Fullerton, Esq.,* for the respondent.

**1138**

OPINION.

Love: The question in this case is one of fact, namely, for what asset or assets did petitioner pay the so-called $15,000 bonus? The contract is silent on the subject. We must, therefore, look to evidence outside of the contract, such as the acts of the parties at or about the time the contract was negotiated. In this connection the evidence shows that the seller, in submitting its invoice to petitioner, itemized the so-called bonus under the heading of " Merchandise " and that petitioner, in recording the transaction in its books, recorded it as a part of the cost of the merchandise purchased. In fact there is no evidence in the record to show that the amount of $15,000 in question was paid for anything except merchandise. There is no evidence to indicate that it was paid for the good will of the J. C. Bilbrey Spoke Co. On the contrary the evidence negatives such a conclusion for the reason that the latter company remained in existence and conducted the same line of business after the sale to petitioner, as it had been engaged in prior thereto. It is true that the evidence relating to this item is somewhat meagre and we think petitioner might have elaborated more in regard to what was said between the parties at the time the purchase price of all the assets, including the so-called bonus of $15,000, was agreed upon. But in view of the fact that the only evidence we have tends to prove that the parties intended the $15,000 to be a part of the cost of the merchandise, we fail to see how we could find it to be for anything else. We, therefore, find as a fact that the $15,000 in question was a part of the cost of the merchandise purchased by petitioner from the J. C. Bilbrey Spoke Co. Petitioner's inventory of merchandise at the close of the year is not in dispute. It follows that the respondent was in error in reducing petitioner's merchandise bought for sale, as reported by it, by the amount of $15,000.

No evidence was offered with respect to the deficiency determined by the respondent for the year 1924. His determination for that year is approved.

*Judgment will be entered under Rule 50.*